UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| BRENDA T. [1], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:22cv198 |
| | ) | |
| KILOLO  KIJAKAZI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

<u>OPINION AND ORDER</u>

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act.  Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ."  42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."
42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It
must be shown that the impairment is severe enough to preclude the plaintiff from engaging in
substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372
U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that
the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds
v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record
as a whole contains substantial evidence to support the [Commissioner's] findings."  *Garfield v.
Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786
(7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere
scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to
support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting
*Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*,
552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed,
42 U.S.C. §405(g), unless there has been an error of law."  *Garfield*, *supra* at 607; *see also
Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the
following findings:

1.    The claimant meets the insured status requirements of the Social Security Act
      through December 31, 2023.

2.    The claimant has not engaged in substantial gainful activity since September 12,
      2018, the alleged onset date (20 CFR 404.1571 *et seq*.).

3.	The claimant has the following severe impairments: breast cancer, cervical spine degenerative disc disease, fibromyalgia, lumbar scoliosis, spondylolisthesis of the lumbar spine, bursitis of the hips, thoracic spondylosis, osteopenia, and knee osteoarthritis (20 CFR 404.1520(c)).

4.	The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.	After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except with the following additional limitations: she should never climb ladders, ropes, or scaffolds, but she is able to occasionally climb ramps and stairs. She is also able to occasionally balance, stoop, and crawl. She should avoid unprotected heights and concentrated exposure to extreme cold. She remains able to perform frequent handling and fingering with the non-dominant left upper extremity.

6.	The claimant is able to perform past relevant work as an administrative clerk, DOT # 219.362-010, SVP4, light per the DOT and light as performed by the claimant. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7.	The claimant has not been under a disability, as defined in the Social Security Act, from September 12, 2018, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 17-26).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on January 15, 2023.  On April 5, 2023 the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on April 23, 2023. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled.  *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-

91 (1987).  The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"?  (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).   In the present case, Step 4 was the determinative inquiry.

In support of remand Plaintiff argues that the ALJ erred in not finding a closed period of disability.  Plaintiff contends that the ALJ should have considered a closed period beginning after her breast cancer diagnosis and surgery while doctors were trying to find which medications she could tolerate.  However, as the Commissioner points out, the ALJ did consider whether there was a closed period of disability, as that is part of the analysis of every disability benefits application. Notably, Plaintiff did not raise this issue before the ALJ.  Moreover, Plaintiff has not provided evidence to support her contention that her cancer treatment was disabling for a continuous 12 month period of time. The burden rests with Plaintiff to show that she was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

"The inability to engage in any substantial gainful activity, and not merely the impairment itself, must last for at least twelve months." *Boyanowski v. Berryhill*, Case No. 1:17-cv-355, 2019 WL 927091, at *7 (N.D. Ind. Feb. 26, 2019).  Additionally, as the Commissioner has set forth in her responsive brief, the record does not show a continuous 12-month period in which Plaintiff was unable to perform any substantial gainful activity.  (Tr. 296, 1085, 1074, 1070, 1062-64, 1039-41, 1029, 1–7-09, 1013-16, 1300-02, 1306-08, 1312-14, 1375-78).  Thus remand is not warranted,

Plaintiff also argues that the ALJ failed to properly analyze the side effects of Plaintiff's treatments. However, the record is clear that the ALJ considered the medical record as it concerned Plaintiff's treatment for breast cancer and chronic pain. As the ALJ noted, by October 2019, Plaintiff was tolerating her treatment program "very well" (Tr. 21, citing Tr. 1139). Follow up appointments in 2020 demonstrated that Plaintiff's treatment program was successful with few side effects, and Dr. Gonzales found no need to change her medications after June 2019 (Tr. 21, citing Tr. 1134, 1377; Tr. 1300, 1306, 1375). This Court agrees with the Commissioner that nothing from these cancer treatment notes was inconsistent with the restricted range of light work the ALJ found Plaintiff capable of performing.

The ALJ also evaluated the notes from Plaintiff's pain management treatment. The ALJ acknowledged that Plaintiff had been provided multiple treatments, including opioid medications, injections, patches, and radiofrequency ablation (Tr. 22, citing Tr. 1160-1291). However, physical exams at these appointments were largely unremarkable, and Plaintiff reported significant improvement from some of her treatments (Tr. 22, citing Tr. 1164, 1170, 1176, 1182, 1188, 1194, 1199, 1208, 1214, 1226, 1239, 1257, 1266, 1273, 1279, 1285; *see also* Tr. 1361 (injections provided between 50% and 100% relief from pain)). This evidence supports the need for some

5

workplace restrictions, but does not establish that Plaintiff could not perform any full time work.

The ALJ also considered the medical opinions and prior administrative medical findings, and her analysis provided further support for the decision. Courts "do not review medical opinions independently but rather review the ALJ's weighing of those opinions for substantial evidence, and [ ] only overturn that weighing if no reasonable mind could accept the ALJ's conclusion." *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022). In December 2019, Stephen Parker, M.D., conducted a consultative physical exam (Tr. 991-1001). Dr. Parker observed no limitations in Plaintiff's use of her hands and fingers; no swelling or muscle spasms in her arms and legs; normal pulse; normal gait and station with the abilities to squat, and heel, toe, and tandem walk; normal posture and ability to get on and off the exam table; negative straight leg raises; normal strength and reflexes throughout; intact sensation; and full range of motion in all joints (Tr. 993, 995-99). Dr. Parker answered yes to the questions "Do you think this individual is able to stand/walk for at least 2 [hours] in an 8 [hour] day?" and "Do you think this individual could use the unoccupied upper extremity for lifting/carrying less than 10 pounds frequently or over 10 pounds occasionally?" (Tr. 997).

The ALJ also considered the findings of the expert reviewing physicians that Plaintiff could perform the full range of light exertional work. These findings were offered in December 2019 and March 2020, and the physicians reviewed Dr. Parker's consultative exam, as well as oncology and pain management records (Tr. 63-64, 76-77). The ALJ noted that the findings were consistent with the results of Dr. Parker's consultative exam, and that the physicians provided detailed support for their findings. 20 C.F.R. § 404.1520c(b)(2). The ALJ determined these findings were persuasive, though she did include additional postural, environmental, and

6

manipulative restrictions in light of the entire record (Tr. 20, 23). That the RFC was "more limiting than that of any state agency doctor or psychologist" illustrates the "reasoned consideration given to the evidence." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). Further, Plaintiff, represented by counsel, knew the reviewing physicians found she was not disabled and still chose not to submit an opinion by any of her own doctors, an omission that undermines her arguments here. "Moreover, because [Plaintiff] was represented by counsel, she is presumed to have made her best case before the ALJ." *Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017).

Notably, Plaintiff has not pointed to any evidence showing how the alleged side effects would have changed the outcome of the case. Plaintiff points out that she had complaints of hot flashes, but does not explain how these would have affected her ability to work. After Plaintiff switched to Arimidex in June 2019, her hot flashes significantly decreased. She mentioned having some hot flashes in October 2019, and some mild hot flashes in July 2020 (Tr. 1013, 1306), but at every other appointment she either did not mention hot flashes or specifically denied having them (Tr. 1007, 1029, 1312, 1375).

Plaintiff also argues that peripheral neuropathy in her hands prevented her from frequent use of her upper extremities, but the evidence she relies on does not show that she had debilitating difficulties using her hands throughout her treatment. Plaintiff relies on notations of neuropathy in her cancer treatment records; however, these notations are only found in the review of systems portion of the treatment notes, which remained relatively stable in every note despite Plaintiff's complaints (Tr. 1014-15, 1030-31, 1040-41, 1313-14). Thus, the more reliable evidence of Plaintiff's symptoms is in the narrative at the beginning of each treatment note, and here Plaintiff

only complained of some tingling in her fingers once, in March 2019—prior to finding the right medication (Tr. 1074). Plaintiff reported tingling in her fingers to the consultative examiner in December 2019, but this tingling was only in three fingers on her left hand, and Plaintiff exhibited no difficulty with fine finger movements—she was able to, among other things, pick up a coin, button a shirt, open a jar, and write with a pencil (Tr. 991, 993). Thus, the record does not support that any additional workplace restrictions were required to account for this symptom. Plaintiff also mentions her back pain, but the ALJ addressed these complaints when she considered Plaintiff's degenerative disc disease and fibromyalgia (Tr. 22). The Commissioner correctly notes that there is insufficient evidence in the record to support Plaintiff's argument that these side effects lasted long enough and were severe enough to affect her ability to perform full-time work.

Plaintiff also finds error with the ALJ's analysis of a notation that appears in all of her cancer treatment notes that she was "restricted in physically strenuous activity but ambulatory and able to carry out work of a light or sedentary nature, e.g., light house work, office work". However, the ALJ specifically stated that the assessment did "not include a vocationally detailed explanation or a detailed rationale," and its value was "further eroded" because there was no evidence the oncologist was familiar with the social security disability program (Tr. 23). The ALJ then noted that the assessment was largely consistent with the rest of the medical record, and therefore it was generally persuasive (*Id*.). Thus, in reading all of the statements the ALJ made regarding this notation, it becomes apparent that the ALJ did not rely on it in any significant way in assessing Plaintiff's RFC.

Lastly, Plaintiff asserts that the ALJ erred in her evaluation of Plaintiff's pain complaints,

but the ALJ did not ignore an entire line of evidence in her decision, even if she did not cite to every piece of evidence Plaintiff now relies on, and thus there was no error. *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) ("an ALJ doesn't need to address every piece of evidence, but he or she can't ignore a line of evidence supporting a finding of disability.").

Plaintiff alleges the ALJ reversibly erred by citing to blank physical exams, but this argument falls well short of demonstrating error. A few times throughout the decision, the ALJ provided a citation to multiple physical exams from the pain management records (Tr. 22-23). On 3 of the 16 pages cited by the ALJ, the "gait" portion of the form was not completed (Tr. 1182, 1226, 1257). However, these isolated omissions do not undermine the significance of this evidence. These physical exams consistently showed negative straight leg raises, full and painless range of motion in both arms and legs, and full strength throughout with no loss of sensation (Tr. 1164, 1170, 1176, 1182, 1188, 1194, 1199, 1208, 1214, 1226, 1239, 1257, 1266, 1273, 1279, 1285). Plaintiff relies heavily on her subjective complaints of pain to support her argument, which are insufficient to merit remand. As the Seventh Circuit has noted, pain is subjective, and when fashioning an RFC to account for it, "[a]lmost any conclusion an ALJ reaches . . . may be inconsistent with some evidence in the record." *Kolar v. Berryhill*, 695 F. App'x 161, 162 (7th Cir. 2017).

As there are no errors in the decision, it will be affirmed.

<u>Conclusion</u>

On the basis of the foregoing, the decision of the Commissioner is hereby AFFIRMED.


Entered: May 16, 2023.


s/ William C.  Lee
William C. Lee, Judge
United States District Court

10